# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued September 7, 2016      Decided November 8, 2016

No. 14-3053

UNITED STATES OF AMERICA,
APPELLEE

v.

ROGER REDRICK,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cr-00155-1)

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender. *Tony Axam Jr.*, Assistant Federal Public Defender, entered an appearance.

*Sharon A. Sprague*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *Elizabeth Trosman*, Assistant U.S. Attorney.

Before: SRINIVASAN and WILKINS, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* SILBERMAN.

SILBERMAN, *Senior Circuit Judge*: Appellant pleaded guilty to being a felon in unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Under the Armed Career Criminal Act (the "Act"), a felon so convicted is subject to a mandatory minimum of fifteen years imprisonment if he was previously convicted of three charges of either "violent felonies" or "serious drug offenses."[1] The plea agreement recognized that appellant would be sentenced pursuant to this sentence enhancement, which raised his sentence from a maximum of ten years to a minimum of fifteen years imprisonment. (The court imposed a sentence of 188 months in accordance with the sentencing guidelines range.) Appellant now contests the applicability of the enhancement in light of an intervening Supreme Court opinion, *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that one of the Act's definitions of a violent felony – which appellant asserts the district court may have relied on – is unconstitutionally vague. We affirm the conviction because, whether or not the district judge relied on the unconstitutional provision, as a matter of law, another of the Act's definitions of "violent felony" applies and therefore the appellant's sentence remains valid.

## I.

Appellant was indicted on three counts: possession with intent to distribute at least twenty-eight grams of cocaine base, unlawful possession of a firearm (and ammunition) by a convicted felon, and such possession during a drug trafficking

---

[1] 18 U.S.C. § 924(e)(1) (2012) (mandatory minimum).

offense.[2]  In return for pleading guilty to simple possession of the firearm, the government dropped the other two counts.  Four of Redrick's prior eleven convictions triggered the Act's mandatory minimum, raising his sentence from a maximum of ten years to a minimum of fifteen years imprisonment.  They were:  (1) a 1983 District of Columbia Armed Robbery conviction ("D.C. armed robbery"); (2) a 1985 Maryland Robbery with a Deadly Weapon conviction ("Maryland armed robbery");  (3) a 1989 Maryland Robbery with a Deadly Weapon conviction; and (4) a 1990 District of Columbia Possession with Intent To Distribute PCP and Possession with Intent To Distribute Marijuana conviction.

The Act defines a "violent felony" as an offense punishable by more than one year in prison that "has as an *element* the use, attempted use, or threatened use of physical force against the person of another," or is the crime of burglary, arson, or extortion, involves use of explosives, or is an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  These three clauses[3] are referred to as the force clause, the enumerated offense clause, and the residual clause.  The residual clause, as is apparent, sweeps very broadly and, as we noted, in *Johnson* the Supreme Court – after having twice affirmed its constitutionality – reversed itself and

---

[2] These counts were charged pursuant to 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (2012), 18 U.S.C. § 922(g)(1) (2012), and 18 U.S.C. 924(c)(1) (2012), respectively.

[3] 18 U.S.C. § 924(e)(2)(B)(i)–(ii) (2012) (emphasis added) (definition of "violent felony").  The force clause is sometimes referred to as the "elements clause." *E.g.*, *Welch v. United States*, 136 S. Ct. 1257, 1261 (2016); *cf. United States v. Sheffield*, 832 F.3d 296, 312 (D.C. Cir. 2016).

4

declared the clause unconstitutionally vague. 135 S. Ct. at 2557. After *Johnson*, a crime is a "violent felony" only if it meets the requirements of the force clause or the enumerated offense clause.

At the time of the plea agreement, it is fair to say that no one – the government, the judge, or the appellant – could reasonably have anticipated *Johnson*. All parties believed that appellant was subject to the Act's enhancement before *Johnson*, although the record is unclear as to why the district court judge thought so. In any event, appellant agreed in his plea deal to "waive the right to appeal the sentence in this case . . . *except to the extent the Court sentences [him] above the statutory maximum* or guidelines range determined by the Court, in which case [he] would have the right to appeal the illegal sentence or above-guidelines sentence." (emphasis added).

**II**.

The only prior convictions in dispute are the two Maryland convictions for armed robbery. Appellant concedes that his drug conviction is a qualifying "serious drug offense," and it is recognized by both parties that whether or not the D.C. armed robbery conviction meets the violent felony test it wouldn't be sufficient to trigger the enhancement without the Maryland convictions. It is also common ground that if the district judge had imposed what the government refers to as a "truly illegal sentence," it should be vacated. By a truly illegal sentence, the government apparently means one that relies, and could only rely, on the unconstitutional residual clause. Yet the government asserts paradoxically that appellant has completely waived his right to appeal application of the Act because the "understanding" in the plea agreement that appellant was subject to the enhancement was part of the bargain by which the

government dropped two counts.  It should be obvious that the government's "truly illegal" concession is inconsistent with its argument that appellant gave up any chance to contest the application of the Act.  Be that as it may, we have little difficulty in concluding that a fair reading of the plea agreement allows the appellant to challenge his sentence as illegal; i.e., in excess of the statutory maximum.  The government's only response is to assert the sentence is not illegal – which, of course, is circular: the government's waiver argument assumes the merits.

Although the appellant did not waive his right to appeal the sentence, he did forfeit the argument that his sentence is illegal. It is well established that if a defendant forfeits an argument in a criminal case, a reviewing court should reverse only if there is "plain error."  FED. R. CRIM. P. 52(b).  Moreover, the error must affect appellant's "substantial rights" and "seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 736 (1993) (alteration omitted).  That limited scope of review discourages a defense counsel from sandbagging a district judge by holding in his pocket a legal argument.  This case strains the doctrine because defense counsel, as well as the prosecutor and judge, would not reasonably have thought the residual clause had a constitutional infirmity after the Supreme Court had twice sanctioned it.[4] Indeed, since it is also well established that a reviewing court must apply the law as it exists at the time of the appeal, *Henderson v. United States*, 133 S. Ct. 1121, 1129 (2013),  – in

---

[4] In *Sykes v. United States*, 564 U.S. 1 (2011) and *James v. United States*, 550 U.S. 192 (2007), the Supreme Court rejected arguments made in dissent that the residual clause was void for vagueness.

this case, after *Johnson* – it seems rather anomalous to ask whether the district court committed error – much less plain.

Assuming, however, that precedent calls for applying plain-error review, *see, e.g.*, *Henderson*, 133 S. Ct. at 1129; *Johnson v. United States*, 520 U.S. 461 (1997), we first ask whether there was "error" at all. The question before us is whether the two prior Maryland convictions qualify as violent felonies under the force clause. The key requirement is use of what the Supreme Court calls "*violent* force," which is "force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (construing "physical force").

\* \* \*

Normally, in asking whether a prior crime qualifies as a violent felony, we look at the state or federal statute under which a defendant has been convicted and ask simply whether the *elements* of the prior crime meet the Act's definitions of a violent felony. If a prior conviction is based on a statute that sweeps more broadly than this federal definition – let us say, a conviction could be based on a minor battery – such a conviction cannot qualify as a violent felony under the force clause. *See, e.g.*, *id*. at 141; *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

This "categorical approach" to career criminal cases is normally rather mechanical, but it can become complicated when the prior conviction statute lists alternative elements and so "effectively" creates several different crimes. *Descamps*, 133 S. Ct. at 2285. When we are dealing with a so-called "divisible" statute, we are to employ the "modified categorical approach" to determine which alternative crime the defendant committed. To do so, we look beyond the statute "to a limited class of

documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, [the] defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). The modified categorical approach is, according to the Court, simply a "tool" to implement the categorical approach, not an exception to the elements-based approach. *Descamps*, 133 S. Ct. at 2285.

The Maryland convictions, however, present a rather unusual situation that does not fit squarely within either the categorical or modified categorical approaches. Robbery in Maryland is not a statutory crime; it retains its common law character.[5] Under Maryland case law, simple robbery is "the felonious taking and carrying away of the personal property of another, from his person or in his presence, by violence *or putting in fear*." *Bowman v. State*, 552 A.2d 1303, 1305 (Md. 1989) (emphasis added); *see also West v. State*, 539 A.2d 231, 234-35 (Md. 1988) (observing that Maryland simple robbery includes larceny so long as the "victim resisted the taking and . . . her resistance had been overcome," even absent physical injury or force directed at the victim's person). The government has conceded that Maryland common law robbery is not a violent felony. To be sure, the government made that

---

[5] In *Descamps*, the Supreme Court reserved the question "whether, in determining a crime's elements, a sentencing court should take account not only of the relevant statute's text, but of judicial rulings interpreting it." 133 S. Ct. at 2291. But in our case, the very definition of the crime is partly based on the common law. Other circuits have stated that "the categorical/modified categorical typologies apply equally to [both] statutory and common law crimes." *United States v. Aparicio-Soria*, 740 F.3d 152, 155 n.2 (4th Cir. 2014) (en banc); *United States v. Walker*, 595 F.3d 441, 444 (2d Cir. 2010); *United States v. Melton*, 344 F.3d 1021, 1026 (9th Cir. 2003).

concession in the Fourth Circuit; whereas *in a footnote* in our case, it declines to make the same concession. We would find such a divergence in Justice Department policy quite troubling if it were truly pressed, but the government really makes no positive argument that Maryland common law robbery *is* a violent felony, so we will rest on its Fourth Circuit concession.

Even though robbery remains a common law crime in Maryland, the legislature did act prior to defendant's convictions; it passed a law providing that a person who committed robbery is subject to imprisonment for not more than fifteen years, but it also provided that a person who commits or attempts to commit robbery with a dangerous or deadly weapon is subject to imprisonment not exceeding twenty years. Md. Code, Art. 27 §§ 486, 488 (repealed). These provisions appear to create two separate crimes: robbery and armed robbery.

The problem for us is that the Court of Appeals of Maryland has described the dangerous weapon portion of the penalty statute as a "sentence enhancement" to the single offense of common law robbery, not an element of the separate offense of armed robbery. *See, e.g.*, *Bowman v. State*, 552 A.2d 1303, 1305 (Md. 1989); *Whack v. State*, 416 A.2d 265, 266 (Md. 1980). Accordingly, appellant argues with some force that his conviction was for simple rather than armed robbery; a sentence enhancement, which is traditionally imposed by a judge after conviction, is not an element of a distinct crime. If that were true – if the dangerous weapon question was reserved for the sentencing judge – appellant would be correct that it could not be, as a matter of constitutional law, an "element" of a crime. *See In re Winship*, 397 U.S. 358, 365 (1970).

But it is not so. As the Maryland Court of Special Appeals has applied the dangerous weapon provision, "the State must

prove *beyond a reasonable doubt*, number one, that there was a robbery, and number two, that it was committed with the *use* of a deadly or dangerous weapon." *Battle v. State*, 499 A.2d 200, 203 (Md. Ct. Spec. App. 1985) (emphasis added); *see also Wadlow v. State*, 642 A.2d 213, 216 (Md. 1994) (explaining that under Maryland law, sentence enhancements having to do with the "circumstances of the offense" must be charged in the indictment, presented to the jury, and subjected to the reasonable doubt standard). To say that the state must prove the use of a dangerous or deadly weapon "beyond a reasonable doubt" is simply another way of stating that it is a jury question or an element of a crime: "'Elements' are the 'constituent parts' of a crime's legal definition – the things the 'prosecution must prove to sustain a conviction.'" *Mathis*, 136 S. Ct. at 2248 (quoting Black's Law Dictionary 634 (10th ed. 2014)). Indeed, pattern jury instructions used at the time of appellant's Maryland conviction instructed jurors that they were required to find that the defendant had "the apparent ability to use the weapon."

Essentially, then, Maryland, combining the common law and a statute, created – at least for federal law purposes – two separate crimes: simple robbery and robbery with a dangerous or deadly weapon. That Maryland labels the "armed" aspect of appellant's conviction a "sentence enhancement" under Maryland law does not dictate the result in this case because the meaning of the term "element" in the Act is a question of *federal* law. *Cf. Johnson v. United States*, 559 U.S. 133, 138 (2010) (recognizing that the "meaning of 'physical force' in [the Act] is a question of federal law, not state law"). Because Maryland treats this issue exactly as if it were an element under federal law, we consider it an element that creates an effectively distinct crime for the purposes of the Act.

To look beyond the state law "sentence enhancement" label is consistent with the aim of the Act, which avoids treating similarly situated offenders differently under the Act's enhancement provisions. The Supreme Court, in *Taylor v. United States*, 495 U.S. 575 (1990), recognized that "in terms of fundamental fairness, the Act should ensure, to the extent that it is consistent with the prerogatives of the States in defining their own offenses, that the same type of conduct is punishable on the Federal level in all states," *id*. at 582.

And in any event, even some Maryland cases refer to the "separate offenses" of armed robbery and simple robbery: "[R]obbery is usually characterized as one offense, with the division between armed robbery and basic robbery being for purposes of punishment. But, for some purposes, they are regarded as separate offenses with robbery being the lesser included offense of armed robbery." *Hagans v. State*, 559 A.2d 792, 799 (Md. 1989) (citations omitted). Although the offenses are the same for double jeopardy purposes, the Court of Appeals of Maryland said, "only the offense of robbery with a deadly weapon requires proof of an additional *element*." *Bynum v. State*, 357 A.2d 339, 341 (Md. 1976).

We have little difficulty, then, in concluding that Maryland *armed* robbery – a crime that differs from simple robbery in its requirement that the defendant commit the crime with the *use* of a dangerous or deadly weapon[6] – contains "as an element the

---

[6] The Court of Appeals of Maryland has adopted an objective definition of "dangerous or deadly weapon" and held that for an instrument to so qualify under § 488, "the instrument must be (1) designed as 'anything used or designed to be used in destroying,

use, attempted use, or threatened use of physical force against the person of another." Common law robbery itself is, after all – and has always been – a crime against a person. Certainly the additional element of "use" of a dangerous or deadly weapon supplies at minimum a "threat" of physical force against the person of another. And because the means employed is a "dangerous or deadly weapon," the required degree of force – that is, "*violent* force" – is present. In that respect our case is different than a recent Ninth Circuit decision, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016), holding that a prior Massachusetts armed robbery conviction was not a violent felony under the force clause. Massachusetts armed robbery does not require "use" of the dangerous or deadly weapon: the victim does not even need to be aware of the presence of the weapon.

Appellant's fall-back argument is that even if the crime includes the dangerous or deadly weapon component as an element, it still sweeps too broadly, because a weapon such as poison, an "open flame," or "lethal bacteria" could be used and those dangerous weapons would not supply the requisite "physical force against the person of another." We doubt that

---

defeating, or injuring an enemy, or as an instrument of offensive or defensive combat'; (2) under the circumstances of the case, immediately useable to inflict serious or deadly harm (e.g., unloaded gun or starter's pistol useable as a bludgeon); or (3) actually used in a way likely to inflict that sort of harm (e.g., microphone cord used as a garrote)." *Brooks v. State*, 552 A.2d 872, 880 (Md. 1989) (citation omitted) (quoting *Bennett v. State*, 205 A.2d 393, 394 (Md. 1964)). A victim's subjective belief that the item was a "dangerous or deadly weapon," without more, is insufficient to sustain an armed robbery conviction in Maryland.

these weapons could be administered without at least some level of physical force. *Cf. United States v. Castleman*, 134 S. Ct. 1405, 1415 (2014) (reasoning that poison and other "indirect" causes of physical harm require common-law "force"). But in any event, we think the hypotheticals are too farfetched to give us pause. The Supreme Court in other cases applying the categorical approach has cautioned against excessive "legal imagination." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684-85 (2013). In determining whether a state statute qualifies as a violent felony, we focus on "realistic probabilit[ies]," not "theoretical possibilit[ies]" that Maryland "would apply its [law] to conduct that falls outside" the force clause. *Duenas-Alvarez*, 549 U.S. at 193; *see also Moncrieffe*, 133 S. Ct. at 1684-86 ("[O]ur focus [under the categorical approach] on the minimum conduct criminalized by the state statute is not an invitation to apply 'legal imagination' to the state offense."). Appellant points us to no Maryland case in which such a conviction has been obtained and we eschew the kind of creative speculation the Supreme Court has proscribed.

By the same token, we reject appellant's claim that armed robbery could be committed by threats against or damage to property and, therefore, according to appellant, it could include conduct that is not a threat against a person. ("If you don't give me your money, I'll shoot up your Mercedes.") To be sure, two old intermediate Maryland courts hypothesize such a scenario, *Giles v. State*, 261 A.2d 806 (Md. Ct. Spec. App. 1970), *Douglas v. State*, 267 A.2d 291 (Md. Ct. Spec. App. 1970), but in these cases the hypotheticals were dicta. And, the definition of Maryland common law robbery, on which armed robbery

depends, as we noted, refers to larceny against a *person*: "Robbery is a compound larceny. It is a larceny from the person accomplished by either an assault (putting in fear) or a battery (violence)." *Snowden v. State*, 583 A.2d 1056, 1059 (Md. 1991). Assault and battery each require force or threatened force against *a person*: "Under Maryland law, a common-law assault consists of '(1) an attempt to commit a battery or (2) an unlawful intentional act which places another in reasonable apprehension of receiving an immediate battery.' . . . A 'battery,' in turn, 'is any unlawful application of force, direct or indirect, *to the body of the victim*.'" *United States v. Coleman*, 158 F.3d 199, 201 (4th Cir. 1998) (en banc) (emphasis added) (quoting *Lamb v. State*, 613 A.2d 402, 446 (Md. Ct. Spec. App.1992)). Even assuming the *amount* of force required by simple robbery is insufficient to qualify as "violent force," the *target* of that force (the relevant question at this point) is a person, not property. And armed robbery, accomplished by the use of a "dangerous or deadly weapon," explicitly contemplates *bodily* harm. Weapons are "deadly" to humans, not property.

\* \* \*

Because we have concluded that Maryland Robbery with a Deadly Weapon is a violent felony under the Act's still-valid force clause, appellant's 188-month sentence remains legal and he is therefore not entitled to a new sentence.

*So ordered.*