[7] There is one wrinkle when applying this general rule. When a court is "dealing with a so-called 'divisible' statute," it must "employ the 'modified categorical approach' to determine which alternative crime the defendant committed." United States v. Redrick , 841 F.3d 478, 482 (D.C. Cir. 2016). To do so, the court "look[s] beyond the statute 'to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, the defendant was convicted of.' " Id. (internal quotation marks and alteration omitted) (quoting Mathis , 136 S.Ct. at 2249 ). Upon confirming the statutory provision under which a defendant was convicted, the court proceeds to apply the categorical approach to that crime.
[8] At the time of West's New Jersey convictions, New Jersey defined second-degree and third-degree aggravated assault, respectively, as follows:
b. Aggravated assault. A person is guilty of aggravated assault if he:
(1) Attempts to cause serious bodily injury to another, or causes such injury purposely or knowingly under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury; or ...
(7) Attempts to cause significant bodily injury to another or causes significant bodily injury purposely or knowingly or, under circumstances manifesting extreme indifference to the value of human life recklessly causes such significant bodily injury ....
N.J.S.A. § 2C:12-1(b) ; see id. § 2C:12-1(b)(13) ; Pet.'s Suppl. Mot. 16-17 & n.11. The United States agrees with West that, based on that statutory language, a "conviction for second-degree or third-degree aggravated assault in New Jersey can be sustained by proof of reckless conduct alone." U.S.'s Opp'n 19.
[9] In so holding, our Circuit joined "four other courts of appeals that have addressed the issue either in the ACCA context or in the equivalent Guidelines 'crime of violence' context." Haight , 892 F.3d at 1281 (citing United States v. Mendez-Henriquez , 847 F.3d 214, 220-22 (5th Cir. 2017) ; United States v. Verwiebe , 874 F.3d 258, 262 (6th Cir. 2017) ; United States v. Fogg , 836 F.3d 951, 956 (8th Cir. 2016) ; United States v. Pam , 867 F.3d 1191, 1207-08 (10th Cir. 2017) ).
[10] In his reply brief, West argues, for the first time, that the assault statute's "requirement that a defendant 'cause serious or significant bodily injury' simply does not constitute a requirement that the defendant 'use, attempt to use, or threaten to use violent physical force.' " Reply Mem. Support Pet.'s Mot. & Suppl. Mot. 39 (internal quotation marks omitted) [Dkt. # 67]; see id. 33 n.13. Not only is that argument forfeited, see Harrison v. Office Architect of Capitol , 68 F.Supp.3d 174, 183 (D.D.C. 2014) (collecting cases), it is unpersuasive. West has not credibly articulated how, in the context of an aggravated assault statute, there is "a realistic probability" that a defendant would be convicted of causing "serious" or "significant" "bodily injury to another" without also applying force to that person. Moncrieffe v. Holder , 569 U.S. 184, 191, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013) ; see United States v. Horton , 461 F. App'x 179, 184 (3d Cir. 2012) (New Jersey assault statute "requires, as an element of the offense, the use of force sufficient to cause physical pain or injury"). To the extent, moreover, that West relies on a distinction between direct and indirect uses of force, that argument too runs headlong into the reasoning of the Haight Court, which rejected the notion that there was "any such distinction between direct and indirect force in the language of the statute or in the relevant precedents." Haight , 892 F.3d at 1280. For all of those reasons, I decline West's invitation to engage in "the kind of creative speculation the Supreme Court has proscribed" by adopting his belated argument based on the New Jersey assault statute's bodily injury requirement. Redrick , 841 F.3d at 485.
[11] The question whether a robbery that may be committed with only "slight" force satisfies (Curtis) Johnson 's reading of the elements clause will be argued before the Supreme Court later this year. See Stokeling v. United States , --- U.S. ----, 138 S.Ct. 1438, 200 L.Ed.2d 716 (Mem.) (2018). As discussed below, however, I conclude that New Jersey's second-degree robbery statute, as interpreted by the New Jersey Supreme Court, requires more than mere de minimis or "slight" force.
[12] New Jersey v. Sewell , 127 N.J. 133, 603 A.2d 21 (1992), upon which West relies, is not to the contrary. In Sewell , the New Jersey Supreme Court examined the mens rea showing necessary to sustain a conviction under subsection (a)(1). See id. It did not analyze the amount of force required under subsection (a)(1). Indeed, the evidence in Sewell "support[ed] a finding that all three" victims of defendant's actions "suffered 'bodily injury' " as defined by New Jersey statute. Id. at 22.
The circuit cases cited by West are also unavailing. As the Government points out, the statutes at issue in those cases cover lesser degrees of force than does subsection (a)(1). See, e.g., United States v. Winston , 850 F.3d 677, 685 (4th Cir. 2017) (Virginia common law robbery, which "encompass[es] a range of de minimis contact by a defendant," does not satisfy elements clause (emphasis added) ); United States v. Eason , 829 F.3d 633, 640-42 (8th Cir. 2016) (Arkansas robbery statute, which covers takings made with "any ... bodily impact," does not satisfy elements clause (emphasis added) ); United States v. Parnell , 818 F.3d 974, 978 (9th Cir. 2016) (Massachusetts robbery statute, which covers use of "any force, however slight ," to obtain property, does not satisfy elements clause (emphasis added) ).
[13] My conclusion on this score finds additional support in (Curtis) Johnson itself, which observes that Black's Law Dictionary defines " 'physical force' as 'force consisting in a physical act, esp. a violent act directed against a robbery victim .' " 559 U.S. at 139, 130 S.Ct. 1265 (emphasis added) (brackets omitted); cf. United States v. Castleman , 572 U.S. 157, 134 S.Ct. at 1421, 188 L.Ed.2d 426 (2014) (Scalia, J., concurring) ("hitting, slapping, shoving, grabbing, pinching, biting and hair pulling" are all "capable of causing physical pain or injury" (alterations omitted) (citing (Curtis) Johnson , 559 U.S. at 143, 130 S.Ct. 1265 ) ). Some courts have nonetheless concluded that certain robbery statutes requiring more than de minimis acts of force do not satisfy the elements clause's force requirement. See, e.g., United States v. Walton , 881 F.3d 768, 773-74 (9th Cir. 2018) (Alabama robbery conviction based on evidence that defendant "pushed or shoved [victim] back into a corner" did nor reflect sufficient level of "force" to satisfy elements clause); United States v. Gardner , 823 F.3d 793, 803-04 (4th Cir. 2016) (North Carolina case upholding robbery conviction where defendant "pushed the shoulder of an electronics store clerk, causing her to fall onto shelves," did not reflect sufficient level of "force" under elements clause). I am "not persuaded" by those cases, but instead agree with the courts that have observed that acts such as "[s]hoving a person" clearly "involve[ ] force capable of producing pain or injury" under (Curtis) Johnson . Garcia , 877 F.3d at 954 n.11.
--------