# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 17, 2023        Decided June 2, 2023

No. 18-3063

UNITED STATES OF AMERICA,
APPELLEE

v.

MATTHEW WEST, ALSO KNOWN AS TITUS SHACKLEFORD,
APPELLANT

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00093-1)

———

*Lisa B. Wright*, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was *A.J. Kramer*, Federal Public Defender.

*Eric Hansford*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Chrisellen R. Kolb* and *Nicholas P. Coleman*, Assistant U.S. Attorneys.

Before: SRINIVASAN, *Chief Judge*, WALKER, *Circuit Judge*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: Federal law forbids those previously convicted of a felony from shipping, possessing, or receiving firearms. 18 U.S.C. § 922(g). Violations were generally punishable by up to 10 years' imprisonment. *Id.* § 924(a)(2).[1] But if the violator has three or more prior convictions for "violent" felonies, the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life. *Id.* § 924(e)(1).

The Armed Career Criminal Act defines "violent" felony as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*

*Id.* § 924(e)(2)(B) (emphasis added). Clause (i) has become known as the "elements clause." The italicized portion of clause (ii) has become known as the "residual clause."

*Johnson v. United States* held that the Act's residual clause violated the Due Process Clause of the Fifth Amendment

---

[1] The Bipartisan Safer Communities Act, Pub. L. No. 117-159, 136 Stat. 1313, 1329 (2022), amended the Armed Career Criminal Act to provide that violators shall be fined, imprisoned for not more than 15 years, or both. 18 U.S.C. § 924(a)(8). We cite the statute in effect at the time of West's conviction and sentencing.

because of its indeterminacy. 576 U.S. 591, 597 (2015). A year after *Johnson*, the Supreme Court in *Welch v. United States* held that *Johnson* was retroactively applicable on collateral review. 578 U.S. 120, 130 (2016).

The Court's *Johnson* decision, combined with *Welch*, generated a large number of prisoner petitions pursuant to 28 U.S.C. § 2255, the federal habeas corpus statute for federal prisoners.[2] Appeals in district court denials of such petitions are doubtless declining. The federal habeas statute set a 1 year limitation period for § 2255 petitions based on Supreme Court decisions recognizing a new constitutional right and making it retroactive to cases on collateral review. 28 U.S.C. § 2255(f), (h). At this writing, we are now about 7 years beyond the 1 year deadline.

Which brings us to the specifics of Matthew West's § 2255 petition. In 2005, after a jury convicted West of unlawful possession of a firearm by a felon (18 U.S.C. § 922(g)), the district court (Leon, J.), relying on the Armed Career Criminal Act, sentenced West to 18 years' imprisonment and 5 years' supervised release. We affirmed. *United States v. West*, 458 F.3d 1, 14 (D.C. Cir. 2006).

The Supreme Court's *Johnson* decision came down in 2015. Within a year West brought a § 2255 habeas petition,[3] seeking to have his sentence vacated or corrected. West brings this appeal from Judge Leon's decision, in a comprehensive opinion,

---

[2] *United States v. Durham*, 2023 WL 1926893 (W.D. Ky. Feb. 11, 2023).

[3] West had already filed several habeas petitions, none of which dealt with *Johnson*, all of which were denied.

denying his petition.[4] *See United States v. West*, 314 F. Supp. 3d 223, 237–38 (D.D.C. 2018).

The main question facing Judge Leon was whether he had sentenced West to more than the 10 year maximum relying on the Act's residual clause. Judge Leon determined that West had failed to establish that his enhanced sentence rested on the invalid residual clause; and second, that even if his sentence rested on that clause it was a harmless error because his sentence was warranted under the Act's elements clause. *See id.* at 223, 226, 232, 234, 237. Of West's three predicate convictions, two were under New Jersey's law punishing aggravated assault; his other conviction was under the State's second-degree robbery law. *Id.* at 233–37. West's assault convictions were for beating a person with a sawed-off shotgun, swinging "it like a golf club" into the victim's head many times; and for beating a fellow prison inmate. His robbery conviction was for forcibly robbing a woman of jewelry.[5]

A federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the

---

[4] 28 U.S.C. § 2253(c) requires a § 2255 petitioner to obtain a certificate of appealability to appeal a district court's final order. A court of appeals may grant such a certificate if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). We granted West a certificate of appealability.

[5] In its Sentencing Memorandum, the government stated: "The defendant has a lengthy criminal record that includes numerous violent crimes. The defendant's criminal activity began when he was 14 years old, with his arrest for a first-degree robbery and two weapons charges. He was arrested five more times before turning 18. As an adult, he was convicted of four separate violent crimes – two charges of aggravated assault, one robbery by force, and one assault on a correctional officer." Appendix 25.

Constitution or laws of the United States" may bring a habeas corpus petition in the sentencing court. 28 U.S.C. § 2255(a); *see also id.* § 2255(h). Making such a claim in a § 2255 petition, as West has done, is one thing. Prevailing on such a claim is quite another. *See Welch*, 578 U.S. at 127; *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

The district court used the preponderance of evidence standard in determining that West failed to show that it was more likely than not that his sentence relied on the residual clause. *West*, 314 F. Supp. 3d at 230. We agree with the district court's use of that evidentiary standard. It has been adopted by the majority of circuits to have addressed the issue.[6] The more likely than not standard is the usual standard applied in § 2255 cases, so it makes sense to apply it here. *See Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (collecting cases); *United States v. Simpson*, 475 F.2d 934, 935 (D.C. Cir. 1973) (per curiam). Furthermore, the standard is consistent with the stringent requirements of collateral review. *See, e.g.*, *Miller-El*, 537 U.S. at 337; *United States v. Clay*, 921 F.3d 550, 559 (5th Cir. 2019), *as revised* (Apr. 25, 2019).

West argues in favor of an alternative – namely, that it should be enough for him to show that the sentencing court "may have" relied upon the residual clause.[7] In support of that

---

[6] *See Dimott v. United States*, 881 F.3d 232 (1st Cir. 2018); *United States v. Bentley*, 49 F.4th 275 (3d Cir. 2022)*; United States v. Clay*, 921 F.3d 550 (5th Cir. 2019), *as revised* (Apr. 25, 2019); *Potter v. United States*, 887 F.3d 785 (6th Cir. 2018); *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018); *United States v. Washington*, 890 F.3d 891 (10th Cir. 2018); *Beeman v. United States*, 871 F.3d 1215 (11th Cir. 2017).

[7] Two circuits appear to use this "may have" approach in evaluating post-*Johnson* habeas cases. *United States v. Winston*, 850

approach West invokes the holding in *Stromberg v. California*, 283 U.S. 359 (1931), that when a general jury verdict may rest on several possible grounds and one of those grounds is unconstitutional, the conviction must be set aside. With general jury verdicts the reviewing court has no objective way to determine whether the jury relied on the unconstitutional ground. But in *Johnson* cases such as West's the court can examine the record and the legal background at the time of sentencing. *See United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018). Furthermore, the contexts are different. Congress has placed strict limits on habeas petitions. *See, e.g.*, *Dimott v. United States*, 881 F.3d 232, 241 (1st Cir. 2018). The preponderance of evidence standard is not arbitrary: whether a defendant satisfies his burden depends on the evidence in the record and the background legal context and, perhaps, the sentencing judge's memory. *See Beeman*, 871 F.3d at 1224.

This brings us to the question whether West has carried his burden. Nothing in the record indicates whether West's sentence rested on the residual clause, or on the elements clause, or on both. The government's sentencing memorandum, the presentence report, and the court's statements indicate only that West's prior convictions were violent felonies and therefore subjected him to the sentencing enhancement. An additional consideration weighs against West. As the district court discussed (*West*, 314 F. Supp. 3d at 231–32), the law of our circuit at the time of West's sentencing was that the residual clause dealt with "felonies against property (such as burglary, arson, extortion, etc.)" while the elements clause dealt with "felonies against the person." *See United States v. Mathis*, 963 F.2d 399, 405 (D.C. Cir. 1992) (emphasis omitted). *Mathis* pointed out that the elements clause was introduced to "include

---

F.3d 677, 681–82 (4th Cir. 2017); *United States v. Geozos*, 870 F.3d 890, 894–95 (9th Cir. 2017).

felonies involving physical force against a person such as murder, rape, assault, robbery, etc." *Id.* at 407 (quoting H.R. Rep. No. 99-849, at 3 (1986)). It follows that in determining whether an aggravated assault or a forcible robbery amounted to a "violent" felony, the district court, following circuit precedent, would have relied on the elements clause, not the residual clause, in reaching its sentencing decision. *See, e.g.*, *id.* at 408; *United States v. Williams*, 358 F.3d 956, 965 (D.C. Cir. 2004); *United States v. Hill*, 131 F.3d 1056, 1062–63 (D.C. Cir. 1997); *see also United States v. Thomas*, 2 F.3d 79, 81 (4th Cir. 1993) ("an aggravated assault under New Jersey law is a violent felony as defined by federal law" in the elements clause).[8]

West also argues that his convictions would not have qualified under the elements clause in 2005,[9] so the sentencing court must have relied on the residual clause. His convictions would not have qualified, he tells us, because New Jersey law made reckless conduct an element of his prior offenses and a crime with the mens rea of recklessness does not qualify as a violent felony. In mounting this claim West does not distinguish between his three convictions – two for aggravated assault and one for second-degree robbery. Despite the lack of precision in

---

[8] West argues that in one of our decisions before his sentencing, *United States v. Thomas*, the court used an analysis that was inconsistent with *Mathis*. 361 F.3d 653, 658, 660 (D.C. Cir. 2004), *vacated on other grounds*, 543 U.S. 1111 (2005). The *Thomas* case dealt with the Sentencing Guidelines, which contain a provision like the residual clause. *See id.* at 656. The crime analyzed in *Thomas* was neither aggravated assault nor forcible robbery, both of which *Mathis* placed under the elements clause. The crime in *Thomas* was instead escape from custody. *Id.* at 657.

[9] We do not reach the question whether West's three prior convictions would satisfy the elements clause under current interpretations.

West's claim, we will confine our response to his convictions for aggravated assault. We do so because we find it impossible to believe that someone could accidentally violate New Jersey's second-degree robbery law.[10]

Before West's sentencing, the Supreme Court in *Leocal v. Ashcroft* decided that a crime (drunk driving causing serious bodily injury) with a mens rea of negligence was not a crime of violence under 18 U.S.C. § 16. 543 U.S. 1, 4, 13 (2004). West contends that after his sentencing there were cases suggesting that a crime with a mens rea of recklessness would not qualify as a violent felony. *E.g.*, *Oyebanji v. Gonzales*, 418 F.3d 260, 264–65 (3d Cir. 2005). This line of authority does not help West. The aggravated assault statutes, N.J. Rev. Stat. § 2C:12-1-b(1), (7), (13), punish attempts to cause or causing "bodily injury purposely" or with "extreme indifference to the value of human life recklessly causes such" injury. The New Jersey statutes thus required, not mere reckless conduct, but extreme recklessness. The circuit courts considering "extreme" or "depraved heart" recklessness as in the New Jersey statutes have concluded that elevated recklessness satisfied the elements clause.[11] We do not have to decide whether we agree with those

[10] Under New Jersey law at the time, second-degree robbery occurred if the individual, in committing a theft, "inflicts bodily injury or uses force against another." *West*, 314 F. Supp. 3d at 235 (citing *New Jersey v. Sein*, 124 N.J. 209 (1991)).

[11] The Supreme Court in *Borden v. United States* held that a crime that can be committed with a mens rea of recklessness does not qualify as a violent felony under the Armed Career Criminal Act. 141 S. Ct. 1817, 1834 (2021) (plurality opinion); *id.* at 1835 (Thomas, J., concurring). In a footnote, the plurality opinion, however, expressly reserved whether a crime that can be committed with a mens rea of *extreme* recklessness qualifies, *Borden*, 141 S. Ct. at 1825 n.4 (plurality opinion); *id.* at 1856 n.21 (Kavanaugh, J., dissenting), a

decisions. All of them deal with current statutory interpretation, not constitutional law. The important point is that such authorities are enough to refute West's contention that the district court likely relied on the residual clause because it could not have relied on the elements clause.

*Affirmed*.

---

question that has been answered in the affirmative by those post-*Borden* circuits to address it. *See, e.g.*, *United States v. Manley*, 52 F.4th 143 (4th Cir. 2022); *United States v. Harrison*, 54 F.4th 884 (6th Cir. 2022); *United States v. Begay*, 33 F.4th 1081 (9th Cir. 2022) (en banc); *Alvarado-Linares v. United States*, 44 F.4th 1334 (11th Cir. 2022).