GRUENDER, Circuit Judge.
*1013 Darrell Walker appeals the district court's denial of his successive motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 2004, a jury found Walker guilty of two counts of being a felon in possession of a firearm and one count of being a felon in possession of ammunition. See 18 U.S.C. § 922(g)(1). The district court sentenced him to 293 months' imprisonment under the Armed Career Criminal Act ("ACCA") due to his prior Missouri burglary convictions.[1] See 18 U.S.C. § 924(e). In 2009, the court denied his first motion to vacate, set aside, or correct his sentence under § 2255.
In 2015, the Supreme Court ruled that the ACCA's residual clause was unconstitutionally vague. Johnson v. United States , 576 U.S. ----, 135 S.Ct. 2551, 2557, 2563, 192 L.Ed.2d 569 (2015). Subsequently, the Court held that Johnson announced a "new rule" that is retroactive on collateral review. Welch v. United States , 578 U.S. ----, 136 S.Ct. 1257, 1264-65, 194 L.Ed.2d 387 (2016). As a result, in June 2016, we granted Walker authorization for a successive § 2255 motion, in which he claimed that his prior Missouri convictions for burglary of an inhabitable structure no longer qualify him as an armed career criminal. The district court denied relief, reasoning that-as the law stood in 2016-Walker's burglary convictions still qualified as violent felonies under the enumerated-offenses clause. We granted a certificate of appealability.
On appeal, Walker now argues that his sentence should be vacated and the case remanded for resentencing without application of the ACCA. He maintains that his original sentence relied on the residual clause and points out that his Missouri burglary convictions are no longer valid ACCA predicates under the enumerated-offenses clause in light of recent decisions. See Mathis v. United States , --- U.S. ----, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) ; United States v. Naylor , 887 F.3d 397 (8th Cir. 2018) (en banc). We review de novo the denial of a § 2255 motion. Holloway v. United States , 960 F.2d 1348, 1351 (8th Cir. 1992).
In authorizing Walker to bring a second motion, we necessarily determined that he had made a prima facie case that he satisfied the requirements of § 2255. See, e.g. , Woods v. United States , 805 F.3d 1152, 1153 (8th Cir. 2015) (per curiam) (explaining the requirements for authorizing a successive § 2255 motion). As relevant here, § 2255(h) precludes a movant from bringing a successive motion unless it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In light of the Supreme Court's opinions in Johnson and Welch , we *1014 concluded that Walker satisfied this threshold requirement.
This determination was preliminary. See Kamil Johnson v. United States , 720 F.3d 720, 720-21 (8th Cir. 2013) (per curiam). We have "emphasize[d] that the district court must not defer to our preliminary determination in granting the authorization as our grant is tentative." Id. at 721 (alteration, citation, and internal quotation marks omitted). The movant also must satisfy the district court that his claim in fact "relies on" a new rule.[2] Bennett v. United States , 119 F.3d 468, 470 (7th Cir. 1997) ("The movant must get through two gates before the merits of the motion can be considered."). The Government argues that Walker did not make a sufficient showing that his claim relies on Johnson 's new rule that the residual clause is unconstitutional, and it maintains that his claim in fact relies on the Supreme Court's non-retroactive decision in Mathis .
The original sentencing court did not specify whether the residual clause or another provision of the ACCA, such as the enumerated-offenses clause, provided the basis for Walker's ACCA enhancement. Our sister circuits disagree on how to analyze this issue. Two circuits have concluded that a claim for collateral relief "relies on" Johnson 's new rule and satisfies § 2255 if the sentencing court "may have" relied on the residual clause. United States v. Geozos , 870 F.3d 890, 896 (9th Cir. 2017) ; United States v. Winston , 850 F.3d 677, 682 (4th Cir. 2017). To support this approach, the Ninth Circuit drew an analogy to the Stromberg rule, which requires a conviction to be set aside when a general jury verdict may rest on an unconstitutional ground. Geozos , 870 F.3d at 896 (citing Stromberg v. California , 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931) ). For its part, the Fourth Circuit expressed concern about treating similarly situated defendants differently on the basis of the sentencing court's "discretionary choice not to specify under which clause of Section 924(e)(2)(B) an offense qualified as a violent felony." Winston , 850 F.3d at 682.
By contrast, several other circuits instead require a movant to show that it is more likely than not that the residual clause provided the basis for an ACCA sentence. United States v. Washington , 890 F.3d 891, 896 (10th Cir. 2018) ; Dimott v. United States , 881 F.3d 232, 243 (1st Cir. 2018), cert. denied , No. 17-1251, --- U.S. ----, 138 S.Ct. 2678, --- L.Ed.2d ----, 2018 WL 1243146 (June 25, 2018); Beeman v. United States , 871 F.3d 1215, 1221-22 (11th Cir. 2017). These courts emphasize that a § 2255 movant bears the burden of showing that he is entitled to relief and stress the importance of the finality of convictions, one of Congress's motivations in passing the Antiterrorism and Effective Death Penalty Act. See Beeman , 871 F.3d at 1222-24 ; Washington , 890 F.3d at 896 ; Dimott , 881 F.3d at 236, 241-42.
*1015 We agree with those circuits that require a movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement. See Dimott , 881 F.3d at 243 ; Washington , 890 F.3d at 896 ; Beeman , 871 F.3d at 1221-22. Under the longstanding law of this circuit, a movant bears the burden of showing that he is entitled to relief under § 2255. Kress v. United States , 411 F.2d 16, 20 (8th Cir. 1969) (per curiam). The mere possibility that the sentencing court relied on the residual clause is insufficient to satisfy this burden and meet the strict requirements for a successive motion. See Washington , 890 F.3d at 896 (explaining why Stromberg should be confined to general jury verdicts); Dimott , 881 F.3d at 241 (same). We also believe that applying this "uniform rule" reasonably addresses the Fourth Circuit's concerns about the "selective application" of Johnson 's new rule. See Dimott , 881 F.3d at 242. As the Eleventh Circuit has explained, "It is no more arbitrary to have a movant lose in a § 2255 proceeding because of a silent record than to have the Government lose because of one. What would be arbitrary is to treat Johnson claimants differently than all other § 2255 movants claiming a constitutional violation." Beeman , 871 F.3d at 1224.
Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court. See id. at 1224 n.5 (stating that the basis for an enhancement is "a historical fact"). Where the record or an evidentiary hearing is inconclusive, the district court may consider "the relevant background legal environment at the time of ... sentencing" to ascertain whether the movant was sentenced under the residual clause. Washington , 890 F.3d at 896 ; see also United States v. Snyder , 871 F.3d 1122, 1129 (10th Cir. 2017) (explaining that "the relevant background legal environment is, so to speak, a 'snapshot' of what the controlling law was at the time of sentencing"), cert. denied , --- U.S. ----, 138 S.Ct. 1696, 200 L.Ed.2d 956 (2018). In some cases, the legal background at the time of sentencing will establish that the enhancement was necessarily based on the residual clause. See, e.g. , United States v. Taylor , 873 F.3d 476, 482 (5th Cir. 2017) (stating that precedent established that one of the requisite predicate convictions "could have applied only under the residual clause"). By contrast, "[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." Beeman , 871 F.3d at 1222. Moreover, as the Tenth Circuit emphasized in Washington , it is not enough for Walker to show that "the background legal environment at the time of Defendant's sentencing reveals 'the residual clause offered the path of least analytical resistance.' " Washington , 890 F.3d at 898-99.
In denying Walker's successive § 2255 claim, the district court did not determine whether the residual clause led the sentencing court to apply the ACCA enhancement. It also assumed-given the state of the law in 2016-that an evidentiary hearing was unnecessary because Walker's burglary convictions qualified as violent felonies even without the residual clause. Despite the sparse sentencing record that exists in this case, "it is the function of the District Court rather than the Court of Appeals to determine the facts." See Murray v. United States , 487 U.S. 533, 543, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Thus, we vacate the order denying Walker's second motion and remand to the district court to determine in the first instance whether Walker has shown by a preponderance of the evidence that his successive § 2255 claim relies on Johnson 's new rule invalidating the residual clause. The district *1016 court should proceed to the merits only if Walker is able to carry his burden.

The ACCA applies to defendants convicted of being a felon in possession of a firearm or ammunition who have three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When Walker was sentenced in 2005, a violent felony included "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause or force clause); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). Id. § 924(e)(2)(B) (2005).

Though § 2255(h) refers directly only to the need for preliminary authorization before bringing a successive habeas petition, it references 28 U.S.C. § 2244. We have applied the requirements for state habeas claims set forth in § 2244(b) to federal prisoners bringing claims under § 2255. United States v. Lee , 792 F.3d 1021, 1023 (8th Cir. 2015). Section 2244(b)(2)(A) requires dismissal unless "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." We have interpreted § 2255(h) and § 2244(b)(2)(A)"similarly despite a modest difference in wording" and explained that the new rule must "recognize[ ] the right asserted in the motion." Donnell v. United States , 826 F.3d 1014, 1016 (8th Cir. 2016). We need not parse the modest difference in wording here. We use the "relies on" language for the sake of consistency with the other circuits whose opinions we discuss below.