# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-1623

_____

Fabian Jackson

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 16, 2018
Filed: December 19, 2018
[Unpublished]

_____

Before GRUENDER, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury convicted Fabian Jackson of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and he was sentenced as an armed career criminal to 295 months' imprisonment. We affirmed his conviction and sentence on direct appeal. *United States v. Jackson*, 365 F.3d 649, 654-56 (8th Cir. 2004). Jackson's first motion to vacate his sentence under 28 U.S.C.

§ 2255 was denied. In 2015, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015). Subsequently, the Court held that *Johnson* announced a "new rule" that is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). As a result, in November 2016, we granted Jackson authorization for a successive § 2255 motion, in which he claimed that his prior Missouri convictions for burglary of an inhabitable structure no longer qualify him as an armed career criminal. In a brief order, the district court denied his successive motion, concluding that Jackson's § 2255 claims were procedurally defaulted. We granted a certificate of appealability, and Jackson now appeals from the district court's denial of his successive § 2255 motion.

On appeal, the Government submitted a letter stating that it "expressly withdraws and abandons its procedural default defense, and requests that this Court issue an opinion on the merits." *Cf. Day v. McDonough*, 547 U.S. 198, 199 (2006) ("And the Court would count it an abuse of discretion to override a State's deliberate waiver of the limitations defense."). As we have explained, however, a movant first must meet certain threshold requirements in bringing a successive § 2255 motion. *Kamil Johnson v. United States*, 720 F.3d 720, 721 (8th Cir. 2013) (per curiam) ("[T]he district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion."). In particular, § 2255(h)(2) precludes a movant from bringing a successive motion unless it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In authorizing Jackson to file a successive § 2255 motion, we made a preliminary determination that he met this requirement. *See id.* at 720-21. But Jackson also had to satisfy the district court that his claim in fact relies on a new rule. *See Walker v. United States*, 900 F.3d 1012, 1014 (8th Cir. 2018).

As in *Walker*, it is not immediately apparent from the record whether Jackson's motion relies on *Johnson*'s new rule. The original sentencing court did not specify whether it sentenced Jackson as an armed career criminal based on the residual clause or another provision of the ACCA, such as the enumerated-offenses clause. *Cf. id.* at 1014. Likewise, while Jackson contends that the "relevant background legal environment" at the time of sentencing makes clear that he was necessarily sentenced pursuant to the unconstitutionally vague residual clause, the district court's order denying Jackson's successive § 2255 claim does not state whether or not the residual clause led the sentencing court to apply the ACCA enhancement. *Cf. id.* at 1015. As in *Walker*, we think it prudent that the district court consider this issue in the first instance. *See. id.* (noting that the basis for an enhancement is "a historical fact" and that "it is the function of the District Court rather than the Court of Appeals to determine the facts"). Thus, we vacate the order denying Jackson's second motion and remand to the district court to determine in the first instance whether Jackson has shown by a preponderance of the evidence that his successive § 2255 claim relies on *Johnson*'s new rule invalidating the residual clause. The district court should proceed to the merits only if Jackson is able to carry his burden. *See Kamil Johnson*, 720 F.3d at 721.

———————————————