# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2849

_____

Edward Keith Dembry

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 17, 2019
Filed: February 5, 2019

_____

Before GRUENDER, WOLLMAN, and SHEPHERD, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Edward Keith Dembry appeals the district court's[1] order dismissing his petition to vacate his sentence under 28 U.S.C. § 2255. Following his conviction for possession of ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), Dembry

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

was sentenced as an armed career criminal to 265 months' imprisonment. We affirmed his conviction and sentence on direct appeal. *United States v. Dembry*, 535 F.3d 798 (8th Cir. 2008).

In 2015, the Supreme Court ruled that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[2] *Johnson v. United States*, 135 S. Ct. 2551, 2557, 2563 (2015). Subsequently, the Court held that *Johnson* announced a "new rule" that is retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). As a result, in May 2016, we granted Dembry authorization to file a successive § 2255 motion, in which he claimed that his original ACCA sentence relied on the residual clause and that his Illinois robbery convictions do not qualify as violent felonies under the ACCA's force clause.[3] The district court nevertheless concluded that Illinois robbery does qualify as a violent felony under the force clause and dismissed the petition. Dembry appealed. We review the denial of a § 2255 motion *de novo*. *Hodge v. United States*, 602 F.3d 935, 937 (8th Cir. 2010).

---

[2]The ACCA applies to defendants convicted of being a felon in possession of a firearm or ammunition who have three or more prior convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). When Dembry was sentenced in 2007, a violent felony included "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause or force clause); (2) "is burglary, arson, or extortion, [or] involves use of explosives" (the enumerated-offenses clause); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B) (2007).

[3]As the Supreme Court explained in *Welch*, it is not sufficient for a § 2255 movant to show that his original sentence relied on the unconstitutional residual clause. He must also show that his prior convictions do not qualify as violent felonies under the ACCA's force clause or enumerated-offenses clause, which remain constitutional. *See Welch*, 136 S. Ct. at 1268.

After the parties submitted their briefs, the Government filed a motion to remand the case to the district court pursuant to *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018). As relevant here, 28 U.S.C. § 2255(h) precludes a movant from bringing a successive petition unless it contains "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Section 2255(h) requires movants to pass through two gates before they are entitled to relief. *See Bennett v. United States*, 119 F.3d 468, 469-70 (7th Cir. 1997). First, a panel of this court must certify that the movant has made a *prima facie* showing that the proposed claim relies on a retroactive new rule of constitutional law. *Menteer v. United States*, 806 F.3d 1156, 1156 (8th Cir. 2015). Second, we have emphasized that "the district court must not defer to this court's preliminary determination in granting authorization," but—"unencumbered by the stringent time limit that applies to the court of appeals"—must ensure that the movant's motion in fact relies on a retroactive new rule. *Id.* at 1156-57 (internal quotation marks omitted).

In *Walker*, we considered what showing a movant must make under § 2255(h) when it is unclear whether the sentencing court relied on the residual clause or another provision of the ACCA in designating him an armed career criminal. Confronting a circuit split on this question, "[w]e agree[d] with those circuits that require a movant to show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker*, 900 F.3d at 1015. We rejected the contrary view that the "mere possibility that the sentencing court relied on the residual clause" was sufficient to meet the strict requirements for a successive petition. *Id.*

After clarifying the appropriate standard, we remanded the case to the district court to ascertain whether the sentencing court relied on the residual clause in sentencing Walker. *Id.* We believed the sentencing record, though sparse, might shed some light on the basis for Walker's original ACCA sentence. *Id.* We also

thought it unwise to resolve the difficult question presented on the merits—whether Walker's prior burglary convictions qualified as ACCA predicates under the enumerated-offenses clause—if Walker was unable to meet the threshold requirements for bringing a successive motion in the first place. *See id.* at 1013.

But the factors warranting remand in *Walker* are not present here. First, Dembry conceded below that the sentencing record does not show that he was sentenced on the basis of the residual clause. While "the relevant background legal environment at the time of . . . sentencing" may nevertheless show that Dembry was sentenced pursuant to the residual clause, *see Walker*, 900 F.3d at 1015, we do not read *Walker* to require remand in cases which turn solely upon the background legal environment. Unlike a district court's factual findings about the sentencing record, which we would review for clear error given the district court's competence as factfinder, its assessment of the background legal environment would depend upon legal conclusions that would be reviewed *de novo*. *See United States v. Driscoll*, 892 F.3d 1127, 1132-33 & n.3 (10th Cir. 2018) ("When we review a district court's finding that a sentencing court did not apply the residual clause to enhance a defendant's sentence, we review the factual determinations about the sentencing record for clear error and the legal conclusions about the relevant background legal environment de novo."); *Raines v. United States*, 898 F.3d 680, 686 (6th Cir. 2018) (per curiam). In other words, *Walker* does not require that the district court examine the background legal environment in the first instance if it serves no practical purpose.

Nor do we need to decide whether Dembry's original sentence relied on the residual clause here. Because his Illinois robbery convictions qualify as violent felonies under the force clause, Dembry cannot prevail on the merits even if he clears the § 2255 gatekeeping requirements. He argues that, under Illinois law, only minimal force, struggle, or resistance is necessary to elevate theft to robbery and that this degree of force is unable to satisfy the standard set forth in *Curtis Johnson v.*

-4-

*United States*, 559 U.S. 133, 140 (2010) (stating that "'physical force' means *violent force*—that is, force capable of causing physical pain or injury to another person"). Dembry also contends that the district court relied on an outdated, pre-*Curtis Johnson* case in concluding otherwise. *United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990). But more recent cases indicate that Illinois robbery does qualify as a violent felony under the force clause. *See United States v. Swopes*, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (involving Missouri second-degree robbery and emphasizing that "there must be a realistic probability, not a theoretical possibility, that the statute encompasses conduct that does not involve use or threatened use of violent force" (internal quotation marks omitted)), *petition for cert. filed*, --- U.S.L.W. --- (U.S. Aug. 30, 2018) (No. 18-5838); *Shields v. United States*, 885 F.3d 1020, 1024 (7th Cir. 2018) (per curiam) (explaining that Illinois robbery is a violent felony under the force clause), *petition for cert. filed*, --- U.S.L.W. --- (U.S. June 15, 2018) (No. 17-9399). And if there were any doubt, the Supreme Court recently clarified that the force clause requires only "the amount of force necessary to overcome a victim's resistance." *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019). Because Dembry concedes that the Illinois Supreme Court requires some force or resistance to distinguish robbery from theft, *Stokeling* confirms that his prior robbery convictions qualify as violent felonies under the force clause.

In sum, because Dembry's Illinois robbery convictions remain violent felonies under the ACCA's force clause, he cannot prevail on the merits even if he could show that his original ACCA sentence relied on the residual clause. And we do not read *Walker* to require a remand that serves no practical purpose, either because the parties concede the sentencing record will shed no light on the question, or because the merits make clear that a movant is not entitled to relief. We therefore affirm the

-5-

district court order dismissing Dembry's petition to vacate his sentence, and we deny the Government's motion to remand.[4]

_____

_____

[4]We likewise deny Dembry's motion to proceed on original record and relevant documents.