# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3359
_____

Richard Ashton Oslund

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*
_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis
_____

Submitted: October 18, 2018
Filed: February 8, 2019
[Unpublished]
_____

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.
_____

PER CURIAM.

Richard Ashton Oslund was sentenced to two life sentences in 2006. One life sentence resulted from an enhancement under the Armed Career Criminal Act (ACCA). See 18 U.S.C. § 924(e) (2006). The sentencing court based Oslund's ACCA enhancement, in part, on a prior second-degree burglary conviction under Minnesota Statutes § 609.582, subd. 2.

In Johnson v. United States, 135 S. Ct. 2551, 2557, 2563 (2015), the Supreme Court held that the ACCA residual clause was unconstitutional. The Supreme Court subsequently held that Johnson announced a "new rule" that is retroactive on collateral review. Welch v. United States, 136 S. Ct. 1257, 1264-65 (2016). Following Johnson and Welch, Oslund made a successive motion to vacate his ACCA life sentence under 28 U.S.C. § 2255. Oslund argued that, in light of our recent decision in United States v. McArthur, 850 F.3d 925 (8th Cir. 2017), his prior burglary conviction fell under the ACCA residual clause and not the ACCA enumerated clause. See id. at 940 (concluding that Minnesota's third-degree burglary statute, Minn. Stat. § 609.582, subd. 3, which contains similar language to § 609.582, subd. 2, did not qualify under the ACCA's enumerated clause). Relying on McArthur, the district court concluded that Oslund's claim set forth a valid Johnson challenge. The court explained that although the sentencing judge "did not explicitly state that he applied the residual clause when finding Oslund's second-degree burglary conviction was a 'violent felony,' where the record is unclear the petitioner must only show that [the ACCA] does not authorize the sentence imposed after the Supreme Court's decision in Johnson." D. Ct. Order of Oct. 13, 2017, at *6 n.6 (relying upon United States v. Winston, 850 F.3d 677, 682 (4th Cir. 2017), as one of the "majority of courts [that] have adopted this analysis"). The district court nonetheless denied Oslund's claim under the concurrent-sentence doctrine. Cf. United States v. Olunloyo, 10 F.3d 578, 581-82 (8th Cir. 1993).

In Walker v. United States, 900 F.3d 1012, 1014-15 (8th Cir. 2018), we declined to follow Winston. Instead, we sided with our sister circuits that have concluded that to rely on Johnson's new rule, a movant must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." Id. at 1015 (citing United States v. Washington, 890 F.3d 891, 896 (10th Cir. 2018); Dimott v. United States, 881 F.3d 232, 243 (1st Cir.), cert. denied, No. 17-1251, 138 S. Ct. 2678 (June 25, 2018); Beeman v. United States, 871 F.3d 1215, 1221-22 (11th Cir. 2017)). In undertaking this analysis, "the district

court may consider 'the relevant background legal environment at the time of . . . sentencing' to ascertain whether the movant was sentenced under the residual clause." Id. (alteration in original) (quoting Washington, 890 F.3d at 896). "By contrast, '[i]f it is just as likely that the sentencing court relied on the elements or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause.'" Id. (alteration in original) (quoting Beeman, 871 F.3d at 1222).

We remand to the district court to determine whether Oslund has shown by a preponderance of the evidence that the sentencing court relied on the residual clause to apply the ACCA enhancement. In light of our remand, we decline to address in the first instance whether the district court correctly applied the concurrent-sentence doctrine.

_____