# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-3021

———————————————

Ambrose Lewis Champagne

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: October 19, 2018
Filed: February 8, 2019
[Unpublished]

——————————

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Ambrose Lewis Champagne appeals the district court's denial of his successive 28 U.S.C. § 2255 petition. Champagne challenged his sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), after Johnson v. United States, 135 S. Ct. 2551 (2015), retroactively invalidated the ACCA's residual clause. The district court denied the petition because it determined that Champagne's

convictions constituted crimes of violence under either the force or enumerated-offense clauses of the ACCA. In its denial, the court stated that Champagne could "rely on the new rule of constitutional law announced in Johnson if his sentence may have been predicated on the now void residual clause." In Walker v. United States, 900 F.3d 1012 (2018), however, we subsequently announced that a petitioner may seek successive § 2255 relief under Johnson only if he can show by a preponderance of the evidence that the residual clause of the ACCA provided the basis for his ACCA enhancement. Because this issue is a question of fact, we remanded for the district court to make such a determination. Id. at 1015.

Neither the district court here nor Champagne's original sentencing court determined whether the ACCA's residual clause provided the basis for Champagne's enhancement. We thus vacate the district court's order denying Champagne's petition and remand for the district court to determine whether Champagne has shown by a preponderance of the evidence that his successive § 2255 claim relies on Johnson's new rule invalidating the residual clause. As we noted in Walker, if the record and evidentiary hearing are inconclusive, the district court may consider the "relevant background legal environment at the time of . . . sentencing." Id. at 1015 (alteration in original) (quoting United States v. Washington, 890 F.3d 891, 896 (10th Cir. 2018)). If it is equally likely that the sentencing court relied on the force or enumerated offense clauses, Champagne will have failed to meet his burden to show that the enhancement was predicated on the residual clause. Id.

_____