# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-3027

———————————————

Gabriel Lazaro Garcia-Hernandez

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

——————————

Appeal from United States District Court
for the District of North Dakota - Bismarck

——————————

Submitted: October 18, 2018
Filed: February 11, 2019

——————————

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.

——————————

BENTON, Circuit Judge.

Gabriel Lazaro Garcia-Hernandez was sentenced as an armed career criminal. He moved to vacate his sentence under 28 U.S.C. § 2255, invoking *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court denied his motion. He appeals. Having jurisdiction under 28 U.S.C. §§ 1291 and 2253, this court affirms.

In 2014, a jury convicted Garcia-Hernandez, a convicted felon, of possessing at least one firearm or ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e), and a firearm with an obliterated serial number, in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). At sentencing in February 2015, the district court found that he had five predicate convictions under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The district court did not specify whether the ACCA's residual clause or another ACCA provision (such as the force clause) supported the enhancement. The convictions were affirmed on direct appeal. *United States v. Garcia-Hernandez*, 803 F.3d 994 (8th Cir. 2015).

The Supreme Court in *Johnson* invalidated the ACCA's residual clause, later holding *Johnson*'s new rule retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). In May 2016, less than a year after *Johnson*, Garcia-Hernandez filed his first 2255 motion to vacate his sentence, claiming he no longer qualified as an armed career criminal due to *Johnson*. The district court, following *United States v. Winston*, 850 F.3d 677, 682 (4th Cir. 2017), did not require Garcia-Hernandez to show he was sentenced under the residual clause. The court denied relief, finding four of his prior convictions qualify as violent felonies under the force clause, with one also qualifying as a serious drug offense. The district court granted a certificate of appealability about whether he qualifies as an armed career criminal in light of *Johnson*.

While this appeal was pending, this court decided *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018). A 2255 movant bringing a *Johnson* claim must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker*, 900 F.3d at 1015 (agreeing with the First, Tenth, and Eleventh circuits). A "more likely than not" burden reflects the "importance of the finality of convictions, one of Congress's motivations in passing the Antiterrorism and Effective Death Penalty Act." *Id.* at 1014. This court rejected the Fourth and Ninth circuits' approaches that require showing only that a sentencing

court "may have" relied on the residual clause. *Id.*, *rejecting* **United States v. Geozos**, 870 F.3d 890, 896 (9th Cir. 2017), *and* **Winston**, 850 F.3d at 682. *See also* **United States v. Peppers**, 899 F.3d 211, 226, 235 n.21 (3d Cir. 2018) (applying the Fourth and Ninth circuits' "may have" standard at the gatekeeping stage, but adopting "preponderance" at the merits stage). Though *Walker* addressed a successive 2255 motion, two of the three cases it followed involved initial 2255 motions. *Compare* **Dimott v. United States**, 881 F.3d 232, 235 (1st Cir. 2018) (initial), *and* **United States v. Beeman**, 871 F.3d 1215, 1220 (11th Cir. 2017) (initial), *with* **United States v. Washington**, 890 F.3d 891, 893 (10th Cir. 2018) (successive). *See also* **United States v. Driscoll**, 892 F.3d 1127, 1135 & n.5 (10th Cir. 2018) (initial motion subject to "more likely than not" standard).

*Walker*'s principles govern here, at the merits stage of an initial 2255 motion. Garcia-Hernandez must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." **Walker**, 900 F.3d at 1015. If he was sentenced based on the residual clause, then "his sentence was both in excess of the statutory maximum *and* imposed in violation of the Constitution." **Cravens v. United States**, 894 F.3d 891, 893 (8th Cir. 2018). A *Johnson* error entitles Garcia-Hernandez to relief under 2255 "unless the error was harmless." **Id.**, *applying* **Brecht v. Abrahamson**, 507 U.S. 619, 637 (1993), to *Johnson* error in 2255 proceeding.

To determine whether there was a *Johnson* error, a court first makes factual findings about the sentencing record. **Walker**, 900 F.3d at 1015. If the record is inconclusive, the court then evaluates the legal environment at the time of sentencing.[1] **Id.** A district court's "factual findings about the sentencing record" are

---

[1]Garcia-Hernandez believes that *Cravens* says a movant may prove a *Johnson* error by using any post-sentencing decision. In *Cravens*, however, the Government conceded there was a *Johnson* error. **Cravens**, 894 F.3d at 893. *Cravens* did not

reviewed for clear error, and "its assessment of the background legal environment [depends] upon legal conclusions . . . reviewed *de novo*." **Dembry v. United States**, 2019 WL 436580, at \*2 (8th Cir. Feb. 5, 2019) (emphasis in original). Without the benefit of *Walker*, the district court here did not find whether the record was inconclusive (and a finding on that issue would not be clearly erroneous). A remand would normally be required.

Nonetheless, on collateral review, an error is harmless unless it results in "actual prejudice," that is, a "substantial and injurious effect or influence in determining" a movant's sentence. **Brecht**, 507 U.S. at 637, *citing* **United States v. Lane**, 474 U.S. 438, 439 (1986)). *Cf.* **Davis v. Ayala**, 135 S. Ct. 2187, 2193 (2015) (on collateral review, finding error was harmless after "[a]ssuming without deciding that a federal constitutional error occurred"). The harmless-error inquiry is not limited to the legal environment at the time of sentencing. *See* **Dembry**, 2019 WL 436580, at \*2–3; **United States v. Lewis**, 904 F.3d 867, 873 (10th Cir. 2018) ("[C]urrent, post-sentence cases are only applicable at the harmless error stage of review, once the movant has established the existence of a *Johnson* error.").

Garcia-Hernandez has at least three qualifying convictions under current law. Resentencing would not change his ACCA enhancement, so any *Johnson* error was harmless. *See* **Dembry**, 2019 WL 436580, at \*2–3; **Fletcher v. United States**, 858

---

squarely address how a movant proves that error. While this court cited post-sentencing cases to support the Government's concession, *Cravens* did not analyze or discuss the *Johnson* issue that *Walker* resolved. *See id.* *Walker*'s historical test controls how a movant proves a *Johnson* error. *See* **Passmore v. Astrue**, 533 F.3d 658, 660–61 (8th Cir. 2008) ("[W]hen an issue is not squarely addressed in prior case law, we are not bound by precedent through *stare decisis*."), *citing* **Brecht**, 507 U.S. at 630–31, *and* **Webster v. Fall**, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents.").

F.3d 501, 506–08 (8th Cir. 2017). *See generally* **Welch**, 136 S. Ct. at 1268 (noting that the Court of Appeals on remand might "determine . . . that the District Court was correct to deny [petitioner's] motion to amend his sentence" on the ground that his "robbery conviction qualifies as a violent felony under the [force] clause," which makes him eligible for the same ACCA enhancement "regardless of *Johnson*").

Garcia-Hernandez agrees that his prior controlled substance conviction is a serious drug offense. His Florida and New Jersey armed robbery convictions are violent felonies under the force clause. He argues that both states' robbery statutes require only force necessary to overcome a victim's resistance, and that this is not "violent force" under *Johnson v. United States*, 559 U.S. 133 (2010). His argument is foreclosed by *Stokeling v. United States*, 139 S. Ct. 544 (2019), addressing a lesser offense of the Florida statute at issue here. "[T]he force necessary to overcome a victim's physical resistance is inherently 'violent' in the sense contemplated by *Johnson*, and 'suggest[s] a degree of power that would not be satisfied by the merest touching.'" **Stokeling**, 139 S. Ct. at 553 (second alteration in original), *quoting Johnson*, 559 U.S. at 139. Both parties agree that he was convicted of armed robbery in 2003 under Fla. Stat. § 812.13(2)(b). This provision enhances a robbery defined in § 812.13(1). Because an armed robbery conviction requires at least as much force as simple robbery under § 812.13(1), it qualifies as a violent felony. *See id.* (holding robbery under Fla. Stat. § 812.13(1) qualifies under the force clause). His New Jersey armed robbery conviction likewise qualifies. He was convicted in 1991 under N.J.S.A. § 2C:15-1. Robbery under § 2C:15-1(a)(1), the only provision he challenges, "requires more force than that necessary merely to snatch [an] object"—there must be "some degree of force to wrest the object from the victim." **State v. Sein**, 590 A.2d 665, 668–70 (N.J. 1991) (holding New Jersey's robbery statute adopts the "majority rule" that "there is insufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking"). *See **United States v. West***, 314 F. Supp. 3d 223, 236 (D.D.C. 2018) (collecting post-*Sein* cases). This degree of force satisfies

the force clause, so his conviction qualifies. *See Stokeling*, 139 S. Ct. at 554–55; ***United States v. Sykes***, 2019 WL 361013, at \*4 (8th Cir. Jan. 30, 2019) (holding similar Illinois robbery statute "fits the common-law mold" requiring the use of "violent force" under *Stokeling*); ***United States v. Swopes***, 886 F.3d 668, 671 (8th Cir. 2018) (en banc) (holding Missouri second-degree robbery, which requires "the use of force capable of preventing or overcoming resistance," is a violent felony under the force clause).

Garcia-Hernandez has at least three qualifying convictions under current law, so any *Johnson* error did not result in actual prejudice. He is not entitled to 2255 relief.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____