# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-3734

_____

Darren Holter

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 18, 2018
Filed: March 22, 2019
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and BENTON, Circuit Judges.

_____

PER CURIAM.

Darren Joseph Holter appeals the district court's denial of his successive 28 U.S.C. § 2255 petition. He pled guilty in 2005 to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The district court sentenced him as an armed career criminal under 18 U.S.C. § 924(e) because he had at least three qualifying prior convictions. In *Johnson v. United States*, 135 S. Ct.

2551, 2557 (2015), the Supreme Court invalidated the ACCA's residual clause. The Court later held *Johnson*'s new rule retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016).

After *Johnson*, Holter claimed he no longer was an armed career criminal. He concedes that his prior conviction for a controlled substance offence is a predicate felony under the ACCA. He argues that his other convictions—possession of a short-barreled shotgun and three North Dakota burglaries—were predicates only under the invalidated residual clause. The district court denied Holter's motion, finding that two of his burglary convictions were ACCA predicates.

While this appeal was pending, this court decided *Walker v. United States*, 900 F.3d 1012 (8th Cir. 2018). A 2255 movant bringing a *Johnson* claim must "show by a preponderance of the evidence that the residual clause led the sentencing court to apply the ACCA enhancement." *Walker*, 900 F.3d at 1015. "Whether the residual clause provided the basis for an ACCA enhancement is a factual question for the district court." *Id.* "To determine whether there was a *Johnson* error, a court first makes factual findings about the sentencing record." *Garcia-Hernandez v. United States*, 915 F.3d 558, 560 (8th Cir. 2019). "If the record is inconclusive, the court then evaluates the legal environment at the time of sentencing." *Id.* Here, as required by *Walker*, the district court did not make factual findings whether Holter was sentenced under the residual clause (and a finding on this issue would not be clearly erroneous).

This court vacates the order denying Holter's 2255 motion and remands for the district court to determine whether he has shown he was more likely than not sentenced as an armed career criminal under the residual clause. *Walker*, 900 F.3d at 1015. *See Jackson v. United States*, 745 F. App'x 658, 660 (8th Cir. 2018) (after *Walker*, remanding for district court to determine whether the residual clause led the sentencing court to apply the ACCA enhancement). If the court finds that Holter

makes this showing, it should determine whether the error was harmless. *See Golinveaux v. United States*, 915 F.3d 564, 570 (8th Cir. 2019) (affirming denial of 2255 in part because resentencing would not change ACCA enhancement, "so any *Johnson* error was harmless."). If the court finds that Holter does not carry his burden, the motion should be denied.

\* \* \* \* \* \* \*


The judgment is vacated, and the case remanded for proceedings consistent with this opinion.

_____