# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-3541
_____

Benjamin Joseph Langford

*Petitioner - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: January 13, 2021
Filed: April 7, 2021

_____

Before GRUENDER, BENTON, and STRAS, Circuit Judges.

_____

BENTON, Circuit Judge.

Benjamin Joseph Langford moved to vacate, set aside, or correct his concurrent life sentences under 18 U.S.C. §§ 924(e)(1) and 3559(c)(1). The district court[1] denied his request to vacate the sentence under section 3559, determining that

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

his prior Iowa robbery convictions were serious violent felonies. Langford appeals. Having jurisdiction under 28 U.S.C. §§ 2255(d) and 1291, this court affirms.

I.

Langford was convicted of bank robbery, possession of a firearm during a crime of violence, and felon-in-possession of a firearm. *See* **18 U.S.C. §§ 2113(a)**, **924(c)**, **922(g)(1)**. He had three prior convictions in Iowa state court: attempted breaking and entering in 1974, robbery with aggravation in 1975, and first-degree robbery in 1989. *See* **Iowa Code §§ 708.10** (1973), **711.2** (1975), **711.2** (1987).

On January 7, 2005, the sentencing court[2] imposed a mandatory life sentence for the bank robbery conviction, ruling that it was a "serious violent felony" and that Langford had at least two prior "serious violent felony" convictions. **§ 3559(c)(1)** (also called the "Three-Strikes Law"). A conviction is a "serious violent felony" if it is at least one of three types:

- it is "a Federal or State offense, by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113, or 2118)" [the enumerated-offense clause];

- it "has as an element the use, attempted use, or threatened use of physical force against the person of another" [the force clause];

- it "by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense" [the residual clause].

**§ 3559(c)(2)(F)(i)**, **(ii)** (brackets added). The sentencing court did not specify whether the prior convictions were under section 3559's enumerated-offense, force, or residual clauses.

---

[2]The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa, now retired.

The sentencing court also imposed a concurrent life sentence for the felon-in-possession conviction, determining that the three prior convictions were violent felonies under the Armed Career Criminal Act. *See* **§ 924(e)(1)**. A "violent felony" is:

> any crime punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (the elements clause or force clause); (2) is burglary, arson, or extortion, [or] involves use of explosives (the enumerated-offenses clause); or (3) otherwise involves conduct that presents a serious potential risk of physical injury to another (the residual clause).

***Dembry v. United States***, 914 F.3d 1185, 1186 n.2 (8th Cir. 2019) (alteration in original) (internal quotations omitted), *quoting* **§ 924(e)(2)(B)(i)**, **(ii)**. The sentencing court did not specify whether the prior convictions were under the ACCA's enumerated-offense, force, or residual clauses.

On direct appeal, this court affirmed the convictions and sentences. *See* ***United States v. Langford***, 155 Fed. Appx. 936 (8th Cir. 2005) (per curiam), *cert. denied*, 547 U.S. 1011 (2006).

In 2015, the Supreme Court invalidated the ACCA's residual clause. ***Johnson v. United States***, 576 U.S. 591, 606 (2015) (holding that the ACCA's residual clause is unconstitutionally vague). The Court later held that *Johnson*'s rule applies retroactively on collateral review. ***Welch v. United States***, 136 S. Ct. 1257, 1265 (2016).

In 2016, Langford moved to vacate, set aside, or correct his life sentences. *See* **28 U.S.C. § 2255(a)** (authorizing collateral attack "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack") (alteration added). He argued that the prior

Iowa convictions were necessarily based on the ACCA's unconstitutional residual clause and on section 3559's residual clause.

The district court agreed in part. It vacated the life sentence under the ACCA, ruling that the first-degree robbery and breaking-and-entering convictions were necessarily (and unconstitutionally) based on the residual clause.

The court did not vacate the mandatory life sentence under section 3559. Applying *Johnson*, it ruled that section 3559's residual clause is unconstitutional. The life sentence, however, survived because the sentencing court did not necessarily rely on that clause. Rather, the district court said, the prior aggravated robbery and first-degree robbery convictions were serious violent felonies under section 3559's enumerated-offense clause (and the aggravated robbery conviction was also a serious violent felony under the force clause).

Langford appeals the district court's ruling that the prior robbery convictions are serious violent felonies under section 3559.

II.

According to Langford, the prior robbery convictions are necessarily based on section 3559's residual clause. He asserts that the residual clause is unconstitutional, and thus the mandatory life sentence is invalid. *See Johnson*, 576 U.S. at 606. The Government agrees that the residual clause in section 3559(c)(2)(F)(ii) is unconstitutionally vague, but counters that the convictions are serious violent felonies based on section 3559's enumerated-offense and force clauses.

This court reviews de novo the denial of a section 2255 motion, and for clear error any findings of fact. **Walker v. United States**, 900 F.3d 1012, 1013 (8th Cir. 2018) (citation omitted); **Garcia-Hernandez v. United States**, 915 F.3d 558, 560 (8th Cir. 2019) (citation omitted). The movant "bears the burden of showing that he is entitled to relief under § 2255." **Walker**, 900 F.3d at 1015 (citation omitted).

Whether the sentencing court relied on the residual clause is "a factual question for the district court." *Id.* (analyzing an ACCA enhancement) (citation omitted). Langford must show "by a preponderance of the evidence" that the residual clause led the sentencing court to apply the enhancement. *Id.* The "mere possibility" that the sentencing court relied on the residual clause is "insufficient to satisfy this burden." *Id.* If it is "just as likely that the sentencing court relied on the [force] or enumerated offenses clause, solely or as an alternative basis for the enhancement, then the movant has failed to show that his enhancement was due to use of the residual clause." *Id.* (alteration added) (citation omitted). To be invalidated, the enhancement must be "necessarily based on the residual clause." *Id.*

The district court did not clearly err in finding that the record does not show which clause the sentencing court used to enhance Langford's sentence. If the record is inconclusive, "the district court may consider 'the relevant background legal environment at the time of . . . sentencing' to ascertain whether the movant was sentenced under the residual clause." *Id.* (alteration in original), *quoting United States v. Washington*, 890 F.3d 891, 896 (10th Cir. 2018). This analysis is a "snapshot" of "what the controlling law was *at the time of sentencing*." *Id.* (emphasis added), *quoting United States v. Snyder*, 871 F.3d 1122, 1129 (10th Cir. 2017).

In 2005, this court used the categorical approach to determine whether a conviction fell within the enumerated-offense clause. *See Taylor v. United States*, 495 U.S. 575, 598–602 (1990) (considering an ACCA enhancement). A state conviction falls within the enumerated-offense clause if it has the "basic elements" of an offense enumerated in section 3559(c)(2)(F)(i). *See id.* at 599. Under this approach, the sentencing court normally may not delve into particular facts disclosed by the record of conviction, requiring it to "look only to the fact of conviction and the statutory definition of the prior offense." *Id.* at 602.

III.

According to Langford, the aggravated robbery and first-degree robbery convictions are not enumerated offenses under section 3559. Section 3559 enumerates "robbery"—"as described in section 2111, 2113, or 2118," by "whatever designation and wherever committed"—as a serious violent felony. **§ 3559(c)(2)(F)(i)**.

Langford asserts that the convictions, though labeled "robbery," are not enumerated offenses because they are not similar to robbery as described in sections 2111, 2113, or 2118. Those sections criminalize robbery within the United States' special maritime and territorial jurisdiction, *18 U.S.C. § 2111*; bank robbery and incidental crimes, *18 U.S.C. § 2113*; or robbery and burglary involving controlled substances, *18 U.S.C. § 2118*. Each requires as elements: the taking or attempted taking of anything of value, "from the person or presence of another," by "force and violence, or by intimidation." **§§ 2111**, **2113**. *See also* **§ 2118**. "Intimidation means the threat of force." **United States v. Harper**, 869 F.3d 624, 626 (8th Cir. 2017) (stating that section 2113 robbery is a "crime of violence"), *quoting* **United States v. Wright**, 957 F.2d 520, 521 (8th Cir. 1992).

To be a section 3559 enumerated offense, it is not necessary for "every detail of the federal offense, including its jurisdictional elements," to be "replicated in the state offense." **United States v. Johnson**, 915 F.3d 223, 229 (4th Cir. 2019), *quoting* **United States v. Wicks**, 132 F.3d 383, 386–87 (7th Cir. 1997). Congress's use of "broad language" in section 3559(c)(2)(F)(i)—a "serious violent felony" includes "a Federal or State offense, by whatever designation and wherever committed"— was "no doubt meant to capture a wide variety of state and federal offenses." **Id.** The "structure of section 3559 . . . classifies all robberies as serious violent felonies." **United States v. Davis**, 260 F.3d 965, 969 (8th Cir. 2001) (acknowledging that section 3559(c)(3)(A) "allows a defendant to prove the prior robbery convictions are

nonqualifying by proving certain facts") (alteration added).[3] *See also **United States v. Gray***, 260 F.3d 1267, 1278 (11th Cir. 2001) (section 3559(c)(3)(A) "carves out a narrow exception to the broad rule that all robberies are 'serious violent felonies' for purposes of § 3559(c)(1)"). A "straightforward interpretation" requires looking to "the essential nature of a crime, not to minor definitional tweaks or wrinkles in individual jurisdictions." ***Johnson***, 915 F.3d at 229.

To determine whether Langford's prior convictions mirror the essential nature of robbery described in sections 2111, 2113, or 2118, this court must compare the convictions to the federal robbery statutes.

A.

At the time of Langford's aggravated robbery conviction in 1975, the Iowa Code stated:

> If such offender at the time of such robbery is armed with a dangerous weapon, with intent, if resisted, to kill or maim the person robbed; or if, being so armed, he wound or strike the person robbed; or if he has any confederate aiding or abetting him in such robbery, present and so armed, he shall be imprisoned in the penitentiary for a term of twenty-five years.

**§ 711.2** (1975).

The offense of aggravated robbery included the offense of simple robbery. **§§ 711.1**, **711.2** (1975). *See **State v. Masters***, 196 N.W.2d 548, 551 (Iowa 1972)

---

[3]Section 3559 excludes "robbery" as a basis for sentencing enhancement "if the defendant establishes by clear and convincing evidence" that no firearm or other dangerous weapon was used or threatened to be used in the offense, and the offense did not result in death or serious bodily injury to any person. **§ 3559(c)(3)(A)**. *See **United States v. Dobbs***, 449 F.3d 904, 913 (8th Cir. 2006). Langford has not made this showing.

(stating that robbery is "defined by section 711.1; it is only the Degree which is fixed by [section 711.2]" (alteration added)). Section 711.1's simple robbery provision stated:

> If any person, with force or violence, or by putting in fear, steal and take from the person of another any property that is the subject of larceny, he is guilty of robbery, and shall be punished according to the aggravation of the offense, as is provided in sections 711.2 and 711.3.

**§ 711.1** (1975). Langford, convicted of aggravated robbery, necessarily met the elements of simple robbery in section 711.1 (1975).

Langford's aggravated robbery conviction is a serious violent felony under section 3559's enumerated-offense clause. The essential nature of Iowa's 1975 robbery statutes mirrors federal robbery described in sections 2111, 2113, or 2118. At the time of sentencing, the district court likely relied on Iowa courts' holdings that robbery necessarily included elements of a taking from another by force and violence or intimidation. *See State v. Parham*, 220 N.W.2d 623, 628 (Iowa 1974) (considering a conviction for aggravated robbery and stating that one of its "essential elements" is that the "taking was with force or violence or that such taking was by putting [the victim] in fear" (alteration added)); *State v. Williams*, 155 N.W.2d 526, 529 (Iowa 1968) (stating that under the identical 1962 versions of sections 711.1 and 711.2, "robbery" is "an offense involving violence or the threat of violence"), *quoting State v. Fonza*, 118 N.W.2d 548, 551 (Iowa 1962). *See also State v. Burt*, 249 N.W.2d 651, 653 (Iowa 1977) ("robbery" is "in essence" larceny from the person "with additional elements including force or violence or fear thereof"); *State v. Lewis*, 154 N.W. 432, 433 (Iowa 1915) (the "force in robbery is that necessary to overcome resistance or overcome the person robbed"); *State v. Taylor*, 118 N.W. 747, 748 (Iowa 1908) (holding that force and violence are an essential element of robbery); *State v. Miller*, 49 N.W. 90, 91 (Iowa 1891) (rejecting the trial court's ruling that robbery can be committed with "no putting in fear and no resistance, without the use of any force or violence other than that required to take and remove the property"); *State v. Carr*, 43 Iowa 418, 423 (Iowa 1876) (recognizing that

robbery requires force, violence, or putting in fear).  Langford cannot show that at the time of sentencing, the district court necessarily relied on section 3559's residual clause in ruling that the aggravated robbery conviction was a serious violent felony.

B.

At the time of Langford's first-degree robbery conviction in 1989, a person committed "robbery in the first degree when, while perpetrating a robbery, the person purposely inflicts or attempts to inflict serious injury, or is armed with a dangerous weapon."  **§ 711.2** (1987).

Robbery is "defined" in the simple robbery statute, section 711.1.  **§ 711.1** (1987) (defining "robbery" as used in section 711.2).  *See State v. Boley*, 456 N.W.2d 674, 677 (Iowa 1990) (describing a first-degree robbery conviction as a violation of sections 711.1 and 711.2 (1987)); *State v. Hendrickson*, 444 N.W.2d 468, 468 (Iowa 1989) (same).  Under section 711.1,

> A person commits a robbery when, having the intent to commit a theft, the person does any of the following acts to assist or further the commission of the intended theft or the person's escape from the scene thereof with or without the stolen property:
>
> 1. Commits an assault upon another.
>
> 2. Threatens another with or purposely puts another in fear of immediate serious injury.
>
> 3. Threatens to commit immediately any forcible felony.

**§ 711.1** (1987).

Langford's first-degree robbery conviction is a serious violent felony under section 3559's enumerated-offense clause.  The essential nature of Iowa's 1987 robbery statutes mirrors federal robbery described in sections 2111, 2113, or 2118.

-9-

The sentencing court likely relied on this court's holding in *Farmer* that Iowa first-degree robbery is a serious violent felony under section 3559's enumerated-offense clause. *See **United States v. Farmer***, 73 F.3d 836, 843 (8th Cir. 1996) (addressing the identical 1979 version of Iowa's robbery statutes). This court held that Iowa first-degree robbery is a serious violent felony because "robbery" is "specifically listed as [a] predicate felon[y] in paragraph (F)(i)" of section 3559. ***Id.*** (alterations added). *See **United States v. Rosario-Delgado***, 198 F.3d 1354, 1357 (11th Cir. 1999) (agreeing with *Farmer* to support its holding that a conviction under Puerto Rico's robbery statute was an enumerated serious violent felony). *Cf.* ***United States v. House***, 825 F.3d 381, 387 (8th Cir. 2016) (same, analyzing Illinois's comparable aggravated robbery statute). *See generally **State v. Terry***, 544 N.W.2d 449, 451 (Iowa 1996) ("The distinguishing characteristic of robbery is the force or intimidation employed to accomplish the crime.").

Langford cannot show that at the time of sentencing, the district court necessarily relied on section 3559's residual clause in ruling that the first-degree robbery conviction was a serious violent felony.

Langford's convictions for aggravated robbery and first-degree robbery qualify under section 3559's enumerated-offense clause. The district court properly refused to vacate the mandatory life sentence under section 3559.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____